**Francis FERKO, as Shareholder of Speedway Motorsports, Inc., Plaintiff,**

**v.**

**NATIONAL ASSOCIATION OF STOCK CAR RACING, INC., International Speedway Corporation, and Speedway Motorsports, Inc., Defendants.**

**No. C.A. 4:02–CV–50.**

United States District Court, E.D. Texas, Sherman Division.

April 3, 2003.

Michael D. Hausfeld, Robert Joseph Barton, Brent W. Landau, Daniel A. Small of Cohen, Milstein, Hausfeld & Toll, Washington, DC, Grace Ann Weatherly of Wood, Thacker & Weatherly, Denton, TX, Samuel A. Cherry, Jr. of Chochran, Cherry, Givens, & Smith, Dothan, AL, Raymond J. Farrow, Mark A. Griffin, Lynn L. Sarko, of Keller, Rohrback LLP, Seattle, WA, for Plaintiffs.

Clyde Moody Siebman of Siebman, Reynolds, & Burg, LLP, Sherman, TX, Larry Dean Carlson, and Calvin Roderick Phelan of Baker Botts, Dallas, TX, Stuart H. Singer of Boies, Schiller & Flexner, Fort Lauderdale, FL, Marianne Fogarty, Alan B. Vickery, Philippe Z. Selendy of Boies, Schiller & Flexner, New York City, Helen M. Maher of Boies, Schiller & Flexner, Armonk, NY, Rodney Acker of Jenkins & Gilchrist, Dallas, TX, Barry J. Brett and Gilbert C. Hoover, IV of Jenkins & Gilchrist, New York City, Jim E. Cowles of Cowles & Thompson, Dallas, TX, Fred T. Lowrance, Charlotte NC Melanie Black Dubis of Parker, Poe, Adams & Bernstein, Raleigh NC, for Defendants.

*ORDER **DENYING** OPPOSED MOTION AND BRIEF IN SUPPORT TO REALIGN DEFENDANT SPEEDWAY MOTORSPORTS, INC. AS A PLAINTIFF AND TO DISMISS PLAINTIFF FRANCIS FERKO*

SCHELL, District Judge.

This matter is before the court on National Association of Stock Car Racing's ("NAS-

CAR") "Opposed Motion and Brief In Support to Realign Defendant Speedway Motorsports, Inc. as a Plaintiff and To Dismiss Plaintiff Francis Ferko" filed on November 4, 2002 (Dkt.# 62–1, # 62–2), plaintiff Francis Ferko's ("Ferko") response in opposition filed on November 25, 2002 (Dkt.# 69), defendant Speedway Motorsports, Inc.'s ("Speedway") response in opposition filed on November 27, 2002 (Dkt.# 71), NASCAR's reply to Ferko's response filed on December 6, 2002 (Dkt.# 77), NASCAR's reply to Speedway's response filed on December 6, 2002 (Dkt.# 76), and Speedway's sur-reply filed on December 16, 2002 (Dkt.# 80), in the above-styled and numbered cause. After careful consideration, the court is of the opinion that NASCAR's motion for realignment and dismissal should be DENIED.

### Facts [1]

This action arises out of the refusal of NASCAR to provide a second NASCAR Winston Cup race to the Texas Motor Speedway ("TMS"), a race track owned and operated by nominal defendant Speedway.

According to Plaintiff, TMS was built after assurances from NASCAR that in addition to transferring one Winston Cup race to TMS from a track in North Carolina, another Winston Cup race would also be created for TMS in the future.

As of yet, an additional Winston Cup race has not been created for TMS. Ferko, a shareholder of Speedway, demanded that the company enforce its rights and file suit against NASCAR. Speedway opted not to file suit. Consequently, Ferko brings this lawsuit as a derivative action pursuant to Federal Rule of Civil Procedure 23.1 to enforce Speedway's right to damages, specific performance, injunctive relief and other remedies for the injury to Speedway caused by NASCAR's failure to provide TMS with an additional race.

NASCAR filed the present motion to (1) realign Speedway as the true plaintiff in this action, and, as a consequence of realignment, (2) dismiss Ferko from the case as an irrele-

1. The facts are taken from Plaintiff's First Amended Complaint and NASCAR's present mo-

vant and unnecessary plaintiff. More specifically, NASCAR contends that:

> [B]ecause [Speedway] has adopted all of Ferko's allegations and claims on its behalf against NASCAR, the Court should realign [Speedway] as a plaintiff according to its real interests in the outcome of this litigation. It is evident that (i) [Speedway] wholly supports and adopts Ferko's allegations and claims, (ii) [Speedway] is adequately equipped and financially capable of representing the corporation's interest in prosecuting its claims, (iii) no "antagonism" exists between [Speedway] and Ferko, (iv) [Speedway] has not colluded with either NASCAR or ISC to compromise this action, (v) [Speedway] has retained able counsel to represent it in this litigation, and (vi) nothing in the allegations or the nature of this action supports a presumption or determination that the Board is biased or incapable of discharging its duties to exercise its business judgment of how best to run the affairs of the corporation. In addition, there is no further role, either practically or legally, for Ferko to continue as a party to this action.

NASCAR's Mot. to Realign and Dismiss at 3–4.

### Realignment

In resolving this motion for realignment, the touchstone issue for the court to decide is whether there is "antagonism" between plaintiff Ferko and nominal defendant Speedway. *Smith v. Sperling*, 354 U.S. 91, 96, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) ("It seems to us that the proper course is not to try out the issues presented by the charges of wrongdoing but to determine the issues of antagonism on the face of the pleadings and by the nature of the controversy."). The purpose of a derivative lawsuit is to allow a shareholder to enforce the rights of a company that refuses, through its management, to enforce such rights itself. *Schilling v. Belcher*, 582 F.2d 995, 1001 (5th Cir.1978) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549, 69 S.Ct. 1221, 93 L.Ed. 1528

tion.

(1949) ("The purpose of a derivative action is to afford a means by which a stockholder ... may seek to vindicate corporate rights that the corporation itself has refused to enforce.")). However, if a company chooses to enforce its rights or has a "change of heart" after a derivative action has been initiated, then the company itself is the preferable party and not the shareholder. Therefore, in the instant action, if no antagonism exists between Ferko and Speedway, then the parties should be realigned and Ferko replaced by Speedway as the proper plaintiff.

After reviewing the relevant pleadings and caselaw, it is clear to this court that antagonism does exist between Ferko and Speedway, and therefore, realignment is not proper.

■ NASCAR argues that there is no antagonism between Ferko and Speedway because Speedway has admitted, in its answer, nearly all of the allegations made in Ferko's complaint. NASCAR's Mot. to Realign and Dismiss at 6 ("On October 24, 2002, [Speedway] filed its Answer to Ferko's Amended Complaint ... and except for a few factual enhancements, admitted and adopted all of Ferko's material allegations."). This argument is unconvincing. Speedway, as a defendant, albeit a nominal one, is required by the Federal Rules of Civil Procedure to truthfully answer the counts alleged in Ferko's complaint. *See* Fed.R.Civ.P. 11. It is undisputed that Speedway believes in and agrees with the underlying facts in this case.

NASCAR's argument fails because merely agreeing with the facts and legitimacy of this lawsuit does not necessarily imply that Speedway agrees that the *prosecution* of a lawsuit is in its best interest. As argued by Speedway, *but for* Ferko filing this derivative lawsuit there would be no legal action taken against NASCAR because Speedway did not, and apparently does not, feel that such an action is in its best interest. *Smith*, 354 U.S. at 96, 77 S.Ct. 1112 (citing *Del. & Hudson Co. v. Albany & S.R. Co.*, 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862 (1909) (" 'The attitude of the directors need not be sinister. It may be sincere.' ... The cause of action, to be sure, is that of the corporation. But the corporation has become through its manag-

ers hostile and antagonistic to the *enforcement* of the claim.") (emphasis added)). For instance, Speedway might have opted not to take legal action against NASCAR because it must deal with NASCAR on a regular basis and felt that the possibility of further acrimony produced by a lawsuit was not a risk worth taking. *See Smith*, 354 U.S. at 96, 77 S.Ct. 1112 ("The management may refuse or fail to act for any number of reasons ... [for example] reluctance to take action against a close business associate. . . .").

Therefore, the court finds that antagonism exists between Ferko and Speedway because Speedway decided that enforcing its legal rights against NASCAR was ultimately not a wise business decision and Ferko, as a shareholder, believed Speedway should attempt to enforce the alleged contract between TMS and NASCAR and instituted an action to do so, which is the very purpose of a derivative lawsuit. The "antagonism" between Speedway and Ferko is inherent in the very *prosecution* of this action.

### Dismissal of Ferko

Because the court finds that realignment is not proper, it is unnecessary to rule on the motion to dismiss Ferko as an irrelevant and unnecessary plaintiff.

### Conclusion

Upon consideration of the motion for realignment and dismissal filed by defendant NASCAR, the court is of the opinion that the motion should be DENIED.

It is so ORDERED.