Francis **FERKO** and Russell Vaughn, as Shareholders of Speedway Motorsports, Inc., Plaintiffs,

v.

**NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.,** International Speedway Corporation, and Speedway Motorsports, Inc., Defendants.

No. 4:02–CV–50.

United States District Court, E.D. Texas, Sherman Division.

Dec. 19, 2003.

---

Michael D. Hausfeld, Robert Joseph Barton, Brent W. Landau, Daniel A. Small, Cohen, Milstein, Hausfeld & Toll, Washington, D.C., Grace Ann Weatherly, Wood, Richard William Wood, Thacker & Weatherly, Denton, TX, Samuel A. Cherry, Jr., Angela J. Mason, Cochran, Cherry, Givens & Smith, Dothan, AL, Raymond J. Farrow, Mark A. Griffin, Lynn L. Sarko, Keller Rohrback, LLP, Seattle, WA, Stephen H. Echsner, Meghan McCormick. Tans, James M. Messer, Levin, Papantonio, Thomas Mitchell, Echsner & Proctor, Pensacola, FL, Alexander M. Clem, Melvin B. Wright, Keith R. Mitnik, Morgan, Colling & Gilbert, Orlando FL, for Plaintiffs.

Clyde Moody Siebman, Siebman, Reynolds, & Burg, LLP, Sherman, TX, Larry Dean Carlson, Calvin Roderick Pehlan, Baker, Botts, Dallas, TX, Stuart H. Singer, Gregory S. Slemp, Boies, Schiller & Flexner, Fort Lauderdale, FL, Marianne Fogarty, Alan B. Vickery, Philippe Z. Selendy, Alexa S. Bator, Boies, Schiller & Flexner, New York City, Helen M. Maher, David Feuerstein, Boies, Schiller, & Flexner, Armonk, NY, Rodney Akcer, Jenkens & Gilchrist, Dallas, TX, Barry J. Brett, Gilbert C. Hoover, IV, Jenkens & Gilchrist, New York City, Jim E. Cowles, Cowles & Thompson, Dallas, TX, Fred T. Lowrance, Charlotte, NC, Melanie Black Dubis, Parker, Poe, Adams & Bernstein, Raleigh, NC, for Defendants.

*ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER PLAINTIFF'S MOTION TO QUASH DEFENDANT NASCAR'S SUBPOENA FOR PARKER, POE, ADAMS & BERNSTEIN, LLP TO PRODUCE DOCUMENTS*

SCHELL, District Judge.

This matter is before the court on "Plaintiffs' Motion to Reconsider Plaintiff's Motion to Quash Defendant NASCAR's Subpoena for Parker, Poe, Adams & Bernstein, LLP to Produce Documents" (Dkt.# 203), filed on December 5, 2003. Shortly after Plaintiffs filed their motion, Speedway Motorsports, Inc. ("Speedway") submitted three memoranda that it received from Plaintiffs to the court for *in camera* review. After careful consideration, the court is of the opinion that the motion should be DENIED.

Previously, the court denied Plaintiffs' motion to quash NASCAR's subpoena for Parker, Poe, Adams & Bernstein, LLP ("Parker, Poe"). Order Denying Pls.' Mot. to Quash Subpoena for Parker, Poe, Adams & Bernstein, LLP to Produc. Docs. at 10 (Dkt.# 196). The court concluded that Plaintiffs had not established that the disputed documents are work-product and found that the common interest doctrine did not apply to this case. *Id.* at 6–9. Now, Plaintiffs claim that the documents submitted by Speedway constitute work product and reveal "a common interest, albeit an unusual common interest, between the plaintiff shareholders and the corporation at issue." Pls.' Mot. to Reconsider at 1–2 (Dkt.# 203). Alternatively, Plaintiffs claim that they inadvertently provided the disputed documents to Speedway "under the mistaken belief that the documents were protected by the common interest privilege." *Id.* at 2.

■ Having reviewed the three memoranda *in camera*, the court concludes that these memoranda constitute work product. That conclusion, however, does not end the present inquiry. To prevail on their motion to quash NASCAR's subpoena, Plaintiffs must also establish that the common interest doctrine applies to this case and protects the documents Plaintiffs sent to Speedway. *See Power Mosfet Techs. v. Siemens AG,* 206 F.R.D. 422, 424 (E.D.Tex.2000) ("Even where a common interest exists, . . . it merely extends a recognized privilege, commonly the attorney-client or work product privileges, to cover those communications to parties with the common interest.").

■ In this circuit, the common interest doctrine protects two types of communications in civil litigation:

(1) communications between co-defendants in actual litigation and their counsel; *see, e.g., Wilson P. Abraham Constr. Corp. v. Armco Steel Corp.,* 559 F.2d 250, 253 (5th Cir.1977); and

(2) communications between *potential* co-defendants and their counsel. *See Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir.1985); *Aiken v. Tex. Farm Bureau Mut. Ins. Co.,* 151 F.R.D. 621, 624 (E.D.Tex.1993).

*In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir.2001); *see also United States v. Newell,* 315 F.3d 510, 525 (5th Cir.2002) (same). As its name implies, the common interest doctrine exists to protect communications between two parties or attorneys that share a common legal interest. *See Hodges, Grant & Kaufmann,* 768 F.2d at 721; *Aiken,* 151 F.R.D. at 623. For example, courts have found that co-defendants, an insurer and an insured, and a patentee and a licensee share a common legal interest. *See In re LTV Secs. Litig.,* 89 F.R.D. 595, 604 (N.D.Tex.1981); *see also United States v. Mass. Inst. of Tech.,* 129 F.3d 681, 685 & n. 4 (1st Cir.1997).

■ Plaintiffs now urge the court to find that Plaintiffs and Speedway share a limited yet common legal interest. Pls.' Mot. to Reconsider at 5–6. The question of whether a shareholder plaintiff and a corporation share a common legal interest in a shareholder derivative lawsuit is one of first impression in this circuit. As a threshold matter, the court recognizes that the common interest doctrine "is such an amorphous concept." *In re Santa Fe Int'l,* 272 F.3d at 714. Consequently, courts should carefully examine whether particular lawsuits "fall within its core." *Id.* Because it excludes documents and communications from discovery, the common interest doctrine should be construed narrowly and extended cautiously. *Id.* at 710 Cognizant of this philosophy, the court now examines Plaintiffs' arguments.

Plaintiffs claim that a common legal interest exists between Plaintiffs and Speedway because Speedway admitted the truth of Plaintiffs' allegations against NASCAR, because Plaintiffs sued NASCAR on behalf of Speedway, and because Plaintiffs do not allege any wrongdoing by Speedway. Pls.' Mot. to Reconsider at 5. Plaintiffs and Speedway would both benefit if Plaintiffs won this lawsuit. Speedway would recover damages; Plaintiffs would recover attorney's fees. It is also true that Plaintiffs and Speedway are nominal, not actual, adversaries in this lawsuit. Plaintiffs claim wrongdoing by NASCAR, not by Speedway. To a limited extent, Plaintiffs and Speedway have similar interests.

■ Even added together, however, these similar interests do not constitute a common legal interest.[1] The argument that Speedway's admission of the truth of Plaintiffs' allegations against NASCAR helps establish a common legal interest is unavailing. "Speedway, as a defendant, albeit a nominal one, is required by the Federal Rules of Civil Procedure to truthfully answer the counts alleged in Ferko's complaint." *Ferko v. NASCAR,* 216 F.R.D. 392, 394 (E.D.Tex. 2003) (citing FED.R.CIV.P. 11). Moreover, "[i]t is undisputed that Speedway believes in and agrees with the underlying facts in this case." *Id.*

Regarding the second argument, Ferko sued NASCAR only after Speedway itself refused to sue NASCAR. *See id.* Thus, Ferko's willingness to sue NASCAR when Speedway declined to do so does not help establish a common legal interest between Plaintiffs and Speedway. *See id.* ("[M]erely agreeing with the facts and legitimacy of this lawsuit does not necessarily imply that Speedway agrees that the *prosecution* of a lawsuit is in its best interest."). Finally, the lack of wrongdoing asserted by Ferko against Speedway also does not help establish a common legal interest. The legal interests of Ferko and Speedway diverged immediately when Speedway refused Ferko's demand to sue NASCAR. *See id.* ("As argued by Speedway, *but for* Ferko filing this derivative lawsuit there would be no

---

**1.** Because Speedway would recover damages and Plaintiffs would recover attorney's fees if Plaintiffs win this lawsuit, Plaintiffs and Speedway share a commercial interest. A commercial interest, however, does not trigger the common interest doctrine. *See Siemens AG,* 206 F.R.D. at 424.

legal action taken against NASCAR because Speedway did not, and apparently does not, feel that such an action is in its best interest." (citations omitted)). "[T]he record in this case [ ] shows that Ferko and Speedway do not share a common legal interest." Order Denying Pls.' Mot. to Quash Subpoena for Parker, Poe, Adams & Bernstein, LLP to Produc. Docs. at 8 (footnote omitted).

Previously, the court denied NASCAR's motion to realign Speedway as a plaintiff and dismiss Ferko because the court found that antagonism existed between Ferko and Speedway. *Ferko*, 216 F.R.D. at 394. Indeed, the court noted that "[t]he 'antagonism' between Speedway and Ferko is inherent in the very *prosecution* of this action." *Id.* In opposing NASCAR's motion to realign, Ferko and Speedway both claimed, quite forcefully, that antagonism existed between both parties.[2] The common legal interest that Plaintiffs and Speedway *now* claim exists between them was not asserted by Plaintiffs and Speedway when the court considered NASCAR's motion to realign.

In their motion to reconsider, Plaintiffs now claim that the circumstances have changed. Specifically, Plaintiffs aver that Plaintiffs and Speedway are fully cooperating with each other and are exchanging work product. Pls.' Mot. to Reconsider at 3–6. To put it simply, Plaintiffs and Speedway cannot have it both ways. If Plaintiffs and Speedway are antagonistic for purposes of opposing NASCAR's motion to realign, then they are antagonistic and consequently do not share a common legal interest for purposes of extending the work-product doctrine. Moreover, expanding the boundaries of the common interest doctrine to this shareholder derivative lawsuit would run counter to this circuit's cautious interpreta-tion of the common interest doctrine. Given the circumstances of this case, the court is unwilling to apply the common interest doctrine to this shareholder derivative lawsuit. It suffices to say, on this record, that Plaintiffs and Speedway do not share a common legal interest.

■ In the alternative, Plaintiffs claim that no waiver of work-product protection occurred because Plaintiffs inadvertently disclosed work-product to Speedway. Pls.' Mot. to Reconsider at 6. The doctrine of inadvertent disclosure applies when a party accidentally, unintentionally, or carelessly sends documents to an opposing party during discovery.[3] It is difficult, however, to characterize Plaintiffs' disclosure of documents to Speedway as inadvertent. Plaintiffs' three memoranda did not arrive at Speedway's doorstep because Plaintiffs were careless, inattentive, or sloppy. Instead, Plaintiffs purposefully sent Speedway work-product, remained in active contact with Speedway, and developed a common strategy for various depositions. Pls.' Mot. to Reconsider at 4. Plaintiffs' belief that the three memoranda would be protected by the common interest doctrine, *id.* at 6, does not alter the intentional nature of Plaintiffs' disclosure to Speedway. Because Plaintiffs did not inadvertently disclose the three memoranda to Speedway, the doctrine of inadvertent disclosure is inapplicable.

The court previously concluded that NASCAR had met its burden of proof and established that waiver of work-product protection occurred. Order Denying Pls.' Mot. to Quash Subpoena for Parker, Poe, Adams & Bernstein, LLP to Produc. Docs. at 8–9. Plaintiffs have proved that the three memoranda they disclosed to Speedway constitute

---

2. *See* Def. Speedway Motorsports, Inc.'s Sur Reply in Opp'n to NASCAR's Mot. to Realign at 2 (Dkt.# 80) ("'[Speedway] has not asserted Ferko's claims; therefore, it is antagonistic to Ferko and must remain a nominal defendant."); *id.* at 4 ("Accordingly, [Speedway] remains 'antagonistic' to Ferko's suit as that term has been defined in the case law, and realignment would be improper."); Pl.'s Opp'n to Def. NASCAR's Opposed Mot. to Realign Def. Speedway Motorsports, Inc. as a Pl. and Dismiss Pl. Francis Ferko at 6 (Dkt.# 69) ("Accordingly, [Speedway] should not be realigned as a plaintiff, due to its reluctance to invest sufficient resources in the litigation and its close business relationship with NASCAR.").

3. *See, e.g., Ferko v. NASCAR*, 218 F.R.D. 125, 140–41 (E.D.Tex.2003) (concluding that ISC's unintentional disclosure of two documents to Plaintiffs during discovery did not waive work-product protection for those two documents); *cf.* The American Heritage Dictionary 349 (1989) (defining inadvertent as "accidental; unintentional; not duly attentive").

work-product. Plaintiffs have not, however, proved that the common interest doctrine applies to this case. Moreover, Plaintiffs do not present case law that would cause the court to reach a different conclusion.

Plaintiffs and Speedway have been in active contact with each other and Plaintiffs have sent memoranda and work-product to Speedway, a party with whom Plaintiffs lack a common legal interest. Under the unique circumstances of this shareholder derivative lawsuit, NASCAR has proved that Plaintiffs waived work-product protection for the three memoranda by disclosing them to Speedway. Plaintiffs' motion to reconsider Plaintiffs' motion to quash Defendant NASCAR's subpoena for Parker, Poe, Adams & Bernstein, LLP to produce documents is DENIED.[4]

It is so ORDERED.

**4.** The court recognizes that waiver of work-product protection has grave consequences for the waiving party. *Cf. In re Santa Fe Int'l Corp.*, 272 F.3d at 721 (Smith, J., dissenting) ("Forcing any party to turn over privileged documents is a serious matter."). At the same time, however, concerns of fairness militate against allowing a shareholder plaintiff and the corporation to bury—then later resurrect—a claim of common legal interest. A shareholder plaintiff and a corporation should not be able to assert the presence of a common legal interest only when it suits their interests. Additionally, a finding that Plaintiffs and Speedway share a common legal interest would force the court to reevaluate its order denying NASCAR's motion to realign. *See Ferko*, 216 F.R.D. at 394 ("[I]n the instant action, *if no antagonism exists between Ferko and Speedway, then the parties should be realigned* and Ferko replaced by Speedway as the proper plaintiff." (emphasis added)). Because the court concludes that Plaintiffs and Speedway do not share a common legal interest, the court need not revisit its order denying NASCAR's motion to realign.